S:\FILES\5631_WARREN_GEORGE\LIMITATION OF LIABILITY\5631_LIMITATION PETITION.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
75 Maiden Lane, Suite 402
New York, New York 10038
Tel. 212-430-0800
Fax  212-430-0810
Craig S. English, Esq. (CE9890)
Attorneys for Petitioner
WARREN GEORGE, INC.

12 CV 7632

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Petition of         )
WARREN GEORGE, INC., as Owner of         )
the Vessel KATHERINE G, for Exonera-     )   Case No.
tion from or Limitation                  )
of Liability.                            )
                                         )

### PETITION FOR EXONERATION OR LIMITATION

Petitioner Warren George, Inc. ("WGI"), as Owner of the vessel, KATHERINE G, in cause of action for exoneration from or limitation of liability, alleges upon information and belief as follows:

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims, and Asset Forfeiture Actions and is within the subject matter jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

1

2. This Petition is supported by the accompanying Affidavits of Anthony Tirro, President and CEO of the Petitioner, Warren George, Inc. and Carl J. Hees, Divisional Vice President of Great American Insurance Company.

3. Petitioner WGI is a New Jersey Corporation with an office and place of business at Foot of Jersey Avenue, Jersey City, New Jersey.

4. At all material times, Petitioner owned the vessel KATHERINE G.

5. The KATHERINE G is a self-propelled lift boat, 60 feet in length with a depth of 7.6 feet.

6. At all times prior to and during the events hereinafter described, Petitioner exercised due diligence to make and maintain the KATHERINE G in all respects seaworthy, and said vessel was in fact at all material times and in all respects seaworthy, tight, staunch, strong and properly and safely manned, equipped, supplied, navigated and operated.

7. On and before April 6, 2012, the KATHERINE G was transporting equipment and material to and from Jersey City to Liberty Island in New York Harbor under a contract between Peti-

tioner Warren George, Inc. and Joseph A. Natoli Construction Corp.

8. On April 6, 2012, the KATHERINE G arrived at Liberty Island, jacked up the vessel to be level with pier and lowered a hinged plate to cover the gap between the vessel and the pier. Joseph A. Natoli Construction Corp. or those acting on Natoli's behalf, drove a crane on board which exceeded the 50,000 pound limitation in the contract between Warren George and Natoli.

9. As the KATHERINE G was being lowered to the water, it shifted sharply to port, rolled over and sank.

10. Petitioner believes that claims are likely to be asserted against WGI as a result of this casualty.

11. Any and all damages, injuries and losses described in such claims and future claims, were not caused or contributed to by, or due to, any fault, design or neglect, or want of care on the part of Petitioner, the KATHERINE G, or those in charge of her, or any person or persons for whom Petitioner is responsible, or by any failure of Petitioner to exercise due diligence to make the said vessel seaworthy.

12. Any and all damages, injuries and losses described therein, were occasioned and incurred accidentally and/or as a result of other causes warranting complete exoneration of Petitioner from liability.

13. If any faults caused or contributed to the aforesaid casualty, and any damages, injuries or losses resulted therefrom, all of which is denied, such faults were without the privity or knowledge of Petitioner, at or prior to any relevant time, and without the privity or knowledge of Petitioner's officers and directors or anyone whose privity or knowledge are or would be chargeable to Petitioner.

14. Upon information and belief, the damages asserted or which may in future be asserted might or will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

15. Following the sinking of the KATHERINE G, marine salvage, pollution control and other companies and entities were engaged to attempt to raise and remove the vessel from the pier at Liberty Island.

16. Extensive efforts were undertaken to raise the remains of the vessel on or about April 6, 7, 8, and 9, 2012. These efforts included the use of a heavy-lift crane barge and deck barge owned by Weeks Marine, Inc. and various pollution control, pumping and safety vessels and equipment, and numerous personnel.

17. On or about April 9, 2012, the wreck of the KATHERINE G was raised and placed aboard Weeks' deck barge and taken to Weeks' yard in Jersey City, New Jersey.

18. The Petitioner determined that repairs were not economically feasible and the vessel was scrapped by Weeks Marine on or about April 20, 2012.

19. The costs of the above-described salvage operation, and scrapping of the vessel, all of which were made necessary by the sinking of the KATHERINE G, total $281,138.33, as best as can be currently reckoned.

20. After the subject casualty, the KATHERINE G had a negative value of $281,138.33.

21. There were no freights owed or pending in favor of Petitioner or the KATHERINE G at any relevant time.

22. Because the Petitioner's interest in the KATEHRINE G for purpose of valuation under applicable statutes is a negative number, Petitioner is not required to file an *Ad Interim* Stipulation for Value, or to file or pay into Court any other security on account of the vessel or the matters aforesaid.

23. Petitioner has not yet received a written notice of claim.

24. Petitioner, as Owner of the KATHERINE G, claims exoneration from any and all losses, damages, injuries, or destruction resulting from the aforesaid casualty. Petitioner alleges that it has valid defenses thereto on the facts and in law and admiralty. Petitioner, without admitting fault and affirmatively denying all liability, claims the benefit of the limitation of liability provided by the Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq.

25. If it later appears that Petitioner is or may be liable, and the amount or value of Petitioner's interest in the subject vessel as aforesaid is not sufficient to pay all losses in full, then claimants shall share *pro rata* in the aforesaid sum, saving to claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid

statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule F thereof, and by the rules and practice of this Honorable Court herein; provided further that if Petitioner's interests in the subject vessel are not sufficient to pay all losses in full, and that the portion of such amount applicable to the payment of losses in respect of death or injury is less than four hundred twenty United States Dollars ($420.00) per ton of the vessel's tonnage, less space occupied by seamen or apprentices and appropriated to their use, Petitioner offers to file such stipulation or other security in such amount as this Honorable Court may, from time to time, fix and order, up to a total amount not to exceed four hundred twenty United States Dollars ($420.00) per ton of the vessel's tonnage, less space occupied by seamen or apprentices and appropriated to their use, to be available only for the payment for loss in respect of death or injury whenever the same shall be ordered by this Honorable Court, or as provided by the aforesaid statutes and by the aforesaid Rules and by the rules and practice of this Honorable Court.

    WHEREFORE, Petitioner prays:

1. That due appraisal be made of the amount or value of Petitioner's interest in the subject vessel, if this Honorable Court so orders.

2. That this Honorable Court issue an Order directing that Petitioner is not required to file an *ad interim* Stipulation for Value, or to file or pay other security into Court on account of the vessel or the matters aforesaid, because Petitioner's interest in the vessel for purposes of the Limitation of Liability Act is a negative $281,138.33.

3. That this Honorable Court issue a Notice to all persons asserting claims by reason of any loss, damage, injury or expenses caused by or resulting from the aforesaid casualty, or done, occasioned or incurred on or by reason of the aforesaid voyage, admonishing each and all of them to file their claims with the Clerk of this Honorable Court and to serve on the undersigned attorneys for Petitioner a copy thereof on or before a date certain to be named in the notice, and that if any claimant desires to contest Petitioner's right to exoneration from or limitation of liability, such claimant shall file in Court and serve upon the undersigned attorneys for Petitioner an answer to the within Petition on or before said date, unless its claim has included an answer, so designated.

4. That this Honorable Court enjoin the commencement or the further prosecution of any and all claims, actions, suits, and legal proceedings of any nature or description whatsoever, in any jurisdiction, other than the within proceeding before this Honorable Court against Petitioner, its agents, representatives or insurers, the vessel or any other property of Petitioner, in respect of any claim for loss, damage, injury or expenses arising out of the aforesaid casualty and/or any aforesaid voyage.

5. That this Honorable Court adjudge that Petitioner is not liable to any extent for any losses, damages, injuries or expenses, nor for any claims, arising in any way out of the aforesaid casualty.

6. That if Petitioner shall be adjudged liable to any extent in the premises, such liability shall be limited to a maximum of the amount or value of Petitioner's interest in the KATHERINE G after the subject casualty, and that Petitioner shall be discharged therefrom upon the surrender of such interest or amount, and that the money surrendered, paid or secured to be paid, be divided *pro rata* according to the aforementioned statutes, among such claimants as may duly prove their claims, in accordance with the provisions of the Order hereinabove

prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner and the said vessel from all further liability.

      7.    That Petitioner may have such other and further relief as this Honorable Court deems just and proper.

Dated:  New York, New York    KENNEDY LILLIS SCHMIDT & ENGLISH
        October 12, 2012        Attorneys for Petitioner
                                    WARREN GEORGE, INC.

                                By: _____
                                    Craig S. English (CE9890)
                                    75 Maiden Lane - Suite 402
                                    New York, New York  10038-4816
                                    Telephone:  212-430-0800

S:\FILES\5631_WARREN_GEORGE\LIMITATION OF LIABILITY\5631_LIMITATION DECLARATION.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
75 Maiden Lane, Suite 402
New York, New York 10038
Tel. 212-430-0800
Fax  212-430-0810
Craig S. English, Esq. (CE9890)
Attorneys for Petitioner
WARREN GEORGE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition of WARREN GEORGE, INC., as Owner of the Vessel KATHERINE G, for Exoneration from or Limitation of Liability. | Case No. |

## DECLARATION OF CRAIG S. ENGLISH
## PURSUANT TO 28 U.S.C. § 1746

Craig S. English declares under penalty of perjury that:

1. I am an attorney admitted to practice before the Courts of New York State and this Honorable Court.

2. I am Of Counsel to Kennedy Lillis Schmidt & English, attorneys for Petitioner Warren George, Inc. ("WGI"), and I am authorized to make this declaration.

3. I have read the foregoing Petition, am familiar with the contents thereof, and the same are true to the best of my knowledge, information and belief.

1

4. The sources of my information and the grounds for my belief are discussions with the Petitioner and the records and information contained in the files of Petitioner or Petitioner's insurers, which have come to my attention in connection with this action.

5. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  New York, New York
        October 12, 2012

_____
Craig S. English

2